# EXHIBIT 11



# Berryman

426 Northwest 5th Street, Suite 200
Oklahoma City, OK  73102
Office (405) 235-4646
Fax (405) 235-3311

May 4, 2017

Margo Shipley
Hall Estill
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103

Re:    **Richard Mays and**
       **Sheri Mays, Individuals;**
       **and Mays Service, Inc.,**
       **An Oklahoma corporation,**
       **Plaintiffs,**

       **v.**

       **Liberty Mutual Fire**
       **Insurance Company,**
       **Defendant.**
       **United States District Court**
       **for the Western District of Oklahoma**
       **Case No.: CV-16-996-F**

Dear Ms. Shipley:

The following report details to date my pertinent opinions and can be changed only in writing by the undersigned.  My opinions are based upon my review of the documentation provided to me.  In forming my opinions, I utilized my thirty-nine (39) years of experience as a construction general contractor as well as my formal education, training and knowledge previously acquired.  I reserve the right to supplement this report to address additional information made available to me and to provide illustrative exhibits at a later date.

## DOCUMENTS RELIED UPON

- Liberty Mutual Fire Ins. Co. documents labeled LMFIC000001-LMFIC000305
- Deposition of Richard Mays taken 9/26/17

14305 South Hiwassee                                    May 3, 2017
Oklahoma City, Oklahoma                                      Page 2

- Exhibit 29 Bates stamped MAYS SERVICE 00024-00058
- Exhibit 30 Bates stamped MAYS0001-00241
- Building Intelligence Center Website – York HVAC Age
- City of Oklahoma City Citizen Portal
- Cleveland County Assessor
- Xactimate Software

## QUALIFICATIONS

I have been a general contractor since 1978 and have performed numerous property restoration projects for owners whose building structures have sustained damages caused by fire and lightning. I routinely examine structures for the extent and cause of sustained damages and submit construction proposals to the public for a property's restoration. In the regular course of business I estimate the construction cost and outline the scope of work that is an integral part of my firm's offers to contract for needed property restoration. I utilize the Xactimate software estimating system in the regular course of business and have done so for more than fifteen (15) years. I interface with insurance professionals in the course of business and have developed a keen understanding of the customary means, methods and pricing for the restoration of damaged real property.

## BACKGROUND

On or about October 22, 2010, a fire occurred at the residence owned by Richard and Sheri Mays (Mays). The home is located at 14305 South Hiwassee in Oklahoma City, Oklahoma. It was determined the cause of the fire was a lightning strike. The Mays are the policyholder of a Homeowners Policy underwritten by Liberty Mutual Insurance Company (Liberty) with a policy number of H32291012436100-1. Mays submitted a claim to LM for the lightning strike and resulting damage. The claim was assigned the claim number 016563074-01. Other relevant background information includes:

1. Mays owns Mays Services which holds licenses in mechanical (HVAC), electrical, and plumbing (MEP).

2. Liberty initially made an assignment to claim representative, Ron Monsour. It was determined that a large loss claim representative should handle the claim and it was reassigned to Michael Vickerman (Vickerman). He conducted an inspection on October 26, 2010. It was noted that the subject residence was in a state of remodel at the time of the fire. Several rooms lacked sheetrock and finishes.

3. More than two years earlier on February 11, 2008, Mays received a building permit to add-on a 1497 square foot garage. In April 2008, he filed a supplement to the permit to add a 616 square foot media room

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 3

with a bathroom to the back of the garage.  Electrical and plumbing permits were subsequently attached to this building permit.

4.   Knowing Mays held specific knowledge regarding MEP, especially as it pertained to the equipment, fixtures and layout of the subject residence, Vickerman allowed Mays to submit estimates to repair MEP fire related damages.

5.   After the initial inspection, Vickerman made requests to Mays regarding obtaining the MEP estimates on October 28, November 3, November 12, and November 22, 2010.   However, Mays did not submit the needed information.

6.   Upon receiving only the roofing bid, Vickerman finalized a preliminary estimate with a Replacement Cost Value (RCV) of $87,795.98.  After applying Recoverable Depreciation (Depreciation) of $3,138.04 and the policy deductible of $1,000.00, an Actual Cash Value Payment of $83,657.94 was issued on November 23, 2010.[1]

7.   The preliminary estimate was finalized with the MEP items left as "open items"[2].

8.   Over the 19 months from November 2010 to June 2012, Vickerman documented seven additional requests for the MEP estimates or invoices.  Each time Mays agreed to provide the needed documents but failed to do so.

9.   Mays did not obtain a building permit to restore the fire damages.

10. On December 20, 2010, the 2008 building permit and plans on file were revised to include relocating the kitchen and adding a master closet.

11. Between March 1, 2011 and April 6, 2011, the city inspected framing, rough plumbing and rough electrical.   The city made an elevator inspection on October 17, 2011.

12. Records indicate that no further inspections were made by the city. A final inspection has not occurred for the building, electrical or plumbing permits.  The City of Oklahoma City has not issued a Certificate of Occupancy.  The required permit for HVAC is not on record.

---

[1] LMFIC000128-LMFIC000151.
[2] In the restoration industry "open items" are understood to mean those items that remain and in need of additional investigation or information.

14305 South Hiwassee                                              May 3, 2017
Oklahoma City, Oklahoma                                          Page 4

13. Since Vickerman's inspection on October 26, 2010, the following remodeling and updating of the subject residence have occurred:

- The kitchen was moved to the former den area.
- An elevator was installed at the prior kitchen location.
- The middle bedroom was converted to a master bathroom.
- The bathroom adjacent the former kitchen was remodeled with updated fixtures and the entry door moved from the former kitchen (now covered by an elevator) to the front bedroom.
- The master closet was added to the Southwest corner of the house adding about 255 square feet.  This area is unrecognized by the Cleveland County Assessor.
- A mother-in-law suit (previously listed as a media room) was added to the Northwest corner of the house behind the garage.  It has now added approximately 960 sf.
- Second story kitchen, bathroom and bonus rooms have been added above the garage.  This approximate 831 sf area is unrecognized by the Cleveland County Assessor.  This addition is not part of the plans filed with the permit application or its supplements.
- The outside condensers were moved farther west on the south side of the house so that an enclosed patio could be added.

14. In summary, approximately 2046 sf has been added to the subject property, including the addition of three bathrooms and the remodeling of a fourth.  The main kitchen was moved to a different area of the home and complete new kitchens added on the second floor and in the mother-in-law suite.

15. Between June 29, 2012 and April 5, 2013, Liberty made many attempts to contact Mays in order to get necessary documentation.  With Mays failure to respond to Liberty's attempts, the file was closed on April 5, 2013.

16. After four (4) years of no response from May, invoices for MEP repairs as well as other items not included in the Liberty preliminary estimate were sent to Liberty.  The documents were received in June 2016.

17. Subsequent to the filing of litigation, Mays has submitted additional invoices for work completed at the subject residence.  However, he testified that he "never argued the amount that Michael Vickerman put on the claim for the framing and all that."[3]  No issues other than those

_____

[3] Richard Mays deposition dated September 26, 2017, page 147

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 5

associated to the June 2016 submitted documents have been presented.

## PROPERTY DESCRIPTION

Per the Cleveland County Assessor the original portion of the home was built in 1930 and was 460 square feet. The Assessor's office now lists the property to be 6558 square feet although an approximate additional 1086 square feet from the master closet and the upstairs remodel are unrecognized. It is framed with dimensional lumber and has an exterior brick veneer. A four car garage adds an additional 1497 square feet. A two-car carport has been added in front of the garage. An iron fence with an automatic gate runs along the east side of the property along Hiwassee Road. The subject property receives water from a well and has a septic system.



Photo 1:  Front of the subject property at 14305 South Hiwassee Road

14305 South Hiwassee                                                May 3, 2017
Oklahoma City, Oklahoma                                             Page 6

## ISSUE

The central issue is the proper extent and appropriate cost of the MEP repairs necessitated by the fire damage versus those brought on by the remodeling process Mays undertook.  Also at issue is the process and prolonged time in which the repairs were completed.  Mays has provided invoices for the MEP as well as other items purportedly damaged by the lightning strike which were not documented as damaged to Liberty until nearly six years after the date of loss.

I reviewed the documents outlined above, and our firm conducted a site visit and photographed the property on May 30, 2017 in order to form opinion(s) concerning:

1. The expected period of restoration as well as the customary process required to document and estimate the cost of restoring the damages.

2. The reliability and adequacy of the invoices submitted by Mays[4].

3. The reliability and adequacy of the preliminary estimate prepared by Liberty.

## OPINIONS

***Opinion #1:***  *Mays failed to follow common practices in documenting the scope and pricing of the open items.  He also failed to properly notify Liberty of additional damages.*

1. Vickerman made it apparent from the beginning that it was necessary for Mays to submit estimates to repair the damage so that the extent and cost of the repairs would be known and agreed upon.

2. Due to his specialized knowledge and experience, Mays should have known the cost of the HVAC replacement early in the process.

3. He testified that he has been a licensed contractor since 1985.[5]

4. It was agreed at the time of Liberty's site visit that the entire HVAC system including the exterior condenser would be replaced as part of the fire restoration; therefore, the scope of HVAC was known.

5. Establishing a reliable estimate for a HVAC replacement is a common task of a mechanical contractor.

---

[4] LMFIC000037-44
[5] Richard Mays Deposition dated September 26, 2017, page 62

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 7

6. Any unknown damage to the electrical and plumbing would have been knowable immediately following demolition of fire damaged finishes.

7. Again, a reliable estimate in these trades could have been prepared by Mays early in the restoration process.

8. Liberty's file documents at least eleven attempts to obtain the MEP estimates. Mays failed to provide the requested information each time.

9. The first page of the estimate provided to Mays by Liberty states "If you or your contractor has any questions about this estimate, please contact me at your earliest convenience. It is important to call me prior to repairs beginning, as all additional work must be pre-approved by Liberty Mutual." Mays failed to engage common practices in this regard.

10. The petition filed by Mays states "On or about May 12, 2012, Plaintiff Mays Services and Plaintiffs Mays submitted invoices for repairs covered by the policy and set out in the estimate." It is important to point out that this is not substantiated in any form and is contradicted in the file documentation.

11. One invoice submitted by Mays in 2016 is indeed dated May 12, 2012 and documents the replacement of the HVAC system; however, this exhibits an inconsistency.

12. The invoice states, "Installed 3 new Affinity systems…" Affinity is a line of HVAC equipment manufactured by York.

13. The serial number located on York's equipment's data plates provide the information necessary to determine when the product was manufactured.



Photo 2: Instructions to determine the date of manufacturing for a York product.

14305 South Hiwassee                                          May 3, 2017
Oklahoma City, Oklahoma                                       Page 8

14. Most of the serial numbers documented on site reflected manufacturing dates after the date of the submitted invoice. This means that the equipment had not been produced by the manufacturer at the time that Mays states he had installed the equipment and it contradicts the assertion made in the petition of having submitted the invoices in May of 2012.



Photo 2: One example of the York Affinity equipment data plate installed at the subject residence. The equipment was manufactured in the Wichita facility in January of 2013.

15. Mays made statements that weather, city inspections, and health issues delayed the restoration process. Oklahoma weather can cause brief delays up to the point the home is dried-in.[6] In this case, the home should have been dried-in within the first month or two. My examination of the inspections showed a lead time ranging from only 1 day to 7 days which is typical. Mr. Mays testified he suffered significant health issues that delayed the restoration, but their onset was March 22, 2013[7] or nearly two

---

[6] A building is dried-in when it is fully sealed from the outside elements with a roof, wall sheathing, windows, and doors.
[7] Richard Mays Deposition dated September 26, 2017, page 177

14305 South Hiwassee                                            May 3, 2017
Oklahoma City, Oklahoma                                         Page 9

and a half years after the fire.   Using common practices the damage
should have been restored in five (5) months.

**_Opinion #2:_**  _Many of the invoices submitted by Mays go beyond the scope of the documented damages. In some cases, pricing is excessive and above industry standard._

1. An invoice from Cashion Home Improvement was submitted to replace two windows.[8]

2. Mays stated the invoice is to replace the windows at the east end of the library because they were melted.

3. Vickerman inspected these windows and determined they were cleanable.

4. Based upon my experience in fire restoration and on the lack of other damages documented in this room, it is highly unlikely that the heat of the fire was intense enough to melt the windows.

5. In 2010, Vickerman documented that the bonus room did not have windows in the north exterior wall.



Photo 4: The bonus room in the days after the fire without a window in the exterior wall.

---

[8] LMFIC000040

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 10

6. Our inspection found that windows similar to the invoiced windows have now been installed in the north exterior wall of the bonus room.  This is an upgrade to the property.



Photo 5: Newly installed windows in the bonus room.

**Electrical:**

6. Mays Services created an invoice for cabling and low voltage wiring dated May 12, 2012.[9]

7. The rate for two men at $105/hr each is excessive with the typical rate observed being $85/hr for the lead electrician and $50 or less for a helper.

8. Mays Services created an invoice for electrical wiring and light fixture repair dated June 5, 2013.[10]

9. At the time of the fire, the approximate square footage of the second floor was 1,457 square feet, yet 2,288 square feet for the upstairs is being billed.  The difference would be the approximate size of the bonus room and kitchen area discretionarily added to this floor after the fire.

---

[9] LMFIC000041
[10] LMFIC000043

10. The rate of $5.75/sf is charged for rewire is excessive.  The market rate is $4.59/sf which includes wiring materials, outlets, doorbells, smoke detectors, breaker panels with breakers, basic cabling and low voltage wiring.

11. Additional service work is billed to check and repair electric in the rest of the house, garage, and several detached structures. It is billed at $85/hr for each man.  This is higher than the industry standard rates for two men.

**Plumbing:**

12. Mays Services created a plumbing invoice dated June 29, 2012.[11]

13. Amongst the items billed was the re-plumbing of eight fixtures.  This is excessive.  The only fire damaged room with plumbed fixtures was the upstairs bathroom which included four fixtures (shower, bathtub, toilet, and a sink).

14. Mays admitted that the bill included fixtures in the master bathroom and kitchen.[12]  The kitchen received smoke and water damage to the ceiling which did not involve the plumbing and a downstairs bathroom was only affected by smoke.  The replumbing of these undamaged fixtures would not be the responsibility of Liberty.

15. It should be noted that these rooms were relocated as part of a remodeling project unrelated to the restoration of fire damages.

16. The cost of $850 to rough in each fixture is excessive.  The standard unit pricing for residential rough-in plumbing is $465.

17. The billed amount of $2,510 to replace a 50 gallon LP waterheater with venting is overstated by roughly 100%.  The inspection revealed the water heater was actually upgraded to a tankless unit which would be consistent with the invoiced amount.

18. Mays provided testimony that the propane waterheater is more expensive than a natural gas waterheater, thus the higher cost.  Per Locke Supply (a plumbing supply house used regularly by many plumbing contractors including Mays Services), the increased cost for a 50 gallon propane hot water heater over a natural gas unit is $410 versus $370.

19. The plumbing invoice states "Fixture cost not included in the insurance bid" and $2,113.31 was billed for these fixtures. The only four fixtures

---

[11] LMFCI000044
[12] Richard Mays Deposition dated September 26, 2017, page 203

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 12

possibly damaged by the fire and located in the upstairs bathroom were included in the Liberty estimate.  This extra charge is unnecessary.

20. Fixtures installed as part of the remodel in the kitchen, master bath or any other kitchen or bath would not be the responsibility of Liberty.

21. Find attached to this report Exhibit A which represents the fair market cost to make MEP repairs to the subject residence believed to be caused by the fire and lighting.[13]

22. Several of the costs submitted by Mays cannot be verified as being a result of damages caused by fire and lighting.  There is no empirical evidence to support their need.  Mays failed to notify Liberty of the additional damages in the customary and timely manner required to allow Liberty to inspect/verify and document them.  However, in the event that it should be determined that these repairs were necessary, Exhibit B provides a fair market cost.[14]

***Opinion #3:***   *Liberty Mutual followed industry standard methods in its determination of the proper cost to restore the fire and lightning damage to the dwelling structure.   The Liberty estimate expresses a scope of work that reasonably addresses the necessary fire and lighting related repairs that were observable at the time of the inspection.*

1. Liberty appears to have made a thorough inspection documenting damages to the interior and exterior of the home.

2. The site visit was conducted within four days of the date of loss.

3. Liberty utilized Xactimate, a software estimating program with which I am familiar and use in the regular course of business, to estimate fire and lightning damages.

4. Despite Mays failing to produce requested documentation, the ACV payment and associated estimate were issued in a timely manner.

5. The Xactimate pricing database selected, OKOC5B_NOV10, is appropriate considering the date of the loss and the geographic locale in which the Mays property is located.

6. The programmed sales tax rate of 8.625% is accurate.

---

[13] Although it appears that Mays in making no claim for a standard 20% general contractor's overhead and profit, same has been added to the estimate.
[14] Although it appears that Mays in making no claim for a standard 20% general contractor's overhead and profit, same has been added to the estimate.

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 13

7. A reconstruction estimate is a useful tool to advance the process of property reconstruction.

8. Sometimes determining the extent of damages and appropriate costs become refined and better understood as the restoration process proceeds.

9. Consequently, it is common practice in the property restoration industry to submit "supplemental estimates" or information to an insurance carrier as the restoration process progresses and additional damages and/or needs are noted and/or actual costs are identified. Mays failed to engage in this common practice.

10. It is a restoration industry standard for a property owner and/or contractor to share this additional construction damage/cost information with the insurance carrier so an "agreed upon scope and price" can be determined and maintained throughout the restoration process.

11. Open and continuous communication initiated by Liberty provided Mays many opportunities to communicate the identification of additional damages and express any concerns with the estimate prepared by Liberty.


I understand that discovery is in progress and I reserve the right to supplement this report to address additional information made available to me. Any document contained or referred to in this report may be used as an exhibit to illustrate my testimony. Please find attached as a part of this report my current Curriculum Vitae which list all cases in which I have given testimony, both at deposition and trial over the last four (4) years. It establishes my qualifications and my compensation.

Sincerely,

Michael J. Berryman
BERRYMAN ENTERPRISES, INC.

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 14

# CURRICULUM VITAE

**Name:**  Michael J. Berryman
**Born:**  September 23, 1957
Lincoln, Nebraska

## Occupation:

President and Chief Executive Officer
Berryman Enterprises, Inc.
General Contractor / Consultant
426 N.W. 5th Street
Oklahoma City, Oklahoma  73102

## Formal Education:

B.A., Vanderbilt University 1979
Molecular Biology

## Licenses:

Qualifying Agent (QA) and/or Qualifying Managing Employee
(QME) for licensure and/or operating authorization in the following
states:

| | |
|---|---|
| Louisiana | Arkansas |
| Virginia | Mississippi |
| West Virginia | Nebraska |

## Building Codes:

| | |
|---|---|
| UBC | Uniform Building Code |
| BOCA | Building Officials and Code Administration |
| SBCCI | Southern Building Code Congress International |
| IRC | International Residential Code |
| IBC | International Building Code |

## Compensation Structure:

Expert services and review, study, estimation and written opinions shall be billed
at a rate of $245.00/ hour.

Expert services at deposition and trial shall be billed at $375.00/hour.

14305 South Hiwassee                                    May 3, 2017
Oklahoma City, Oklahoma                                  Page 15

**Previous Depositions and Court Appearances:**

1)   Trinity Baptist Church v.
     Brotherhood Mutual Insurance Services, LLC and Sooner Claims Service,
     Inc.
     Case #: CJ-2011-1157
     District Court of Oklahoma County, State of Oklahoma
     Deposition Date: May 9, 2014

2)   Kimberley K. Ramsey v.
     Farmers Insurance Company, Inc., a Kansas Corporation, and Farmers
     Insurance Exchange
     Case No. CJ-2013-962
     District Court of Cleveland County, State of Oklahoma
     Deposition Date: May 13, 2014

3)   Maria D. Rodriguez v.
     State Farm Lloyds and Luke Andrew Garcia
     Case # DC-13-00992-K
     192nd Judicial Court Dallas County, Texas
     Deposition Date: June 4, 2014

4)   Haiwang Tang and Xiaohong Hu v.
     Richardson Homes
     Case No. CJ-2012-0645
     District Court of Oklahoma County, Oklahoma
     Deposition Date: July 29, 2014

5)   Gray Construction, Inc. and Burdette Construction Co., v.
     Laura E. Knight
     Case No. CJ-2012-545
     District Court of Canadian County, Oklahoma
     Deposition Date: August 7, 2014

6)   AC Dwellings, LLC v.
     John W. Shawver, III and Carrie M. Shawver
     Case No. 71 527 E 00367 13
     American Arbitration Association
     Deposition Date: August 26, 2014

7)   Bruce and Mary Ann Erickson v.
     A.O. Smith Corporation et al.
     Case No. 13-L-1962
     In the Circuit Court Third Judicial Circuit Madison County, Illinois
     Telephonic Deposition Date: October 21, 2014

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 16

8)  Maria D. Rodriguez v.
    State Farm Lloyds and Luke Andrew Garcia
    Case # DC-13-00992-K
    192nd Judicial Court Dallas County, Texas
    Trial Testimony Date: October 29, 2014

9)  Gwen LeClerc Revocable Living Trust v.
    Candelaria Foster, LLC
    Case No. 01-14-0000-5564
    American Arbitration Association
    Deposition Date: January 6 and 7, 2015

10) Gwen LeClerc Revocable Living Trust  v.
    Candelaria Foster, LLC
    Case No. 01-14-0000-5564
    American Arbitration Association
    Trial Testimony Dates:  Feb. 26 and 27, 2015

11) Cynthia Stokes v.
    Asian Restaurant, LLC
    Case No: CJ-2013-2695
    In the District Court of Oklahoma County
    State of Oklahoma
    Deposition Date:  June 26, 2015

12) Tanya Read v.
    Southwestern Roofing & Metal, Inc., et al.
    Case No:  CJ-2011-8864
    In the District Court of Oklahoma County
    State of Oklahoma
    Deposition Date:  July 7, 2015

13) Martin Brons and Donna Brons v.
    3M Company, et al.
    LASC Case No. BC565859
    Superior Court of the State of California
    County of Los Angeles-Civil Central West
    Deposition Date:  7/24/15

14) Stephen R. Mastin, Peter Ricci, et al., v.
    A.O. Smith Water Products Co. Inc., et al.
    Index No. 190024/14 and 190424/13
    County of Erie
    Supreme Court of the State of New York
    Deposition Date: 7/28/15

15)   Martin Brons and Donna Brons v.
      3M Company, et al.
      LASC Case No. BC565859
      Superior Court of the State of California
      County of Los Angeles-Civil Central West
      Trial Testimony Date: 9/15/15

16)   Chris and Breann Lander v
      American National Property & Casualty Co.,
      Armstrong Bank and Rodney Cottrell
      Case No. CJ-2014-202
      In the District Court of Sequoyah County
      State of Oklahoma
      Deposition Date:  9/21/15

17)   Jordan Bundy v Memport Landing Owner's Association, Inc.
      CJ-2014-3797
      In The District Court of Oklahoma County
      State of Oklahoma
      Deposition Date:  9/22/15

18)   Metro Mart, LLC v North Star Mutual Insurance Co.
      Case No. 14-CV-1210-F
      United States District Court
      Western District of Oklahoma
      Deposition Date:  11/06/15

19)   Larry Winslowe Lee and Susan Provost Lee v
      AK Steel Corp., et al
      File No.:5:13-CV-00826-FL
      United States District Court for the Eastern District
      Of North Carolina Western Division
      Deposition Date: 11/18/15

20)   Maverick Mart, LLC v North Star Mutual Insurance Co.
      Case No. 14-CV-01165-F
      United States District Court
      Western District of Oklahoma
      Deposition Date: 12/09/15

21)   Flanagan Quality Homes, and Bill Flanagan v
      Samuel Lee Daube, and Christi Daube, husband and wife
      Case No. CJ-2014-249
      In The District Court of Carter County
      State of Oklahoma
      Deposition Date:  01/18/16

14305 South Hiwassee
Oklahoma City, Oklahoma

May 3, 2017
Page 18

22) Jerry and Christina Young v
State Farm Fire and Casualty Company
Cause No.  CJ-2012-905-TS
In the District Court of Cleveland County
State of Oklahoma
Trial Testimony Date:  1/29/16

23) Ronnie and Sandi Bliss v
Shelter Insurance Company
Case No. CJ-2013-275
In the District Court of Payne County
State of Oklahoma
Deposition Date: 04/04/16

24) Amanda LaBrier v
State Farm Fire & Casualty Company
Case No: 15-04093-NKL
United State District Court
Western District of Missouri Central Division
Deposition Date: 05/12/16

25) Roger Bain v
State Farm Fire and Casualty Company
Case No: CJ-2013-4032
In the District Court of Oklahoma County
State of Oklahoma
Deposition Date: 05/24/16

26) Global One Engineering, LLC v
SiteMaster, Inc.
Case No: 15 CV-583-CVE-FHM
United States District Court for the
Northern District of Oklahoma
Deposition Date:  08/30/16

27) Roger Bain v
State Farm Fire and Casualty Company
Case No:  CJ-2013-4032
In the District Court of Oklahoma County
State of Oklahoma
Trial Testimony Date:  12/07/16

28) Global One Engineering, LLC v
SiteMaster, Inc.
Case No. 15 CV-583 CVE-FHM
In the United States District Court for the
Northern District of Oklahoma
Trial Testimony Date:  12/09/16

14305 South Hiwassee                                    May 3, 2017
Oklahoma City, Oklahoma                                 Page 19

29)   Jeffrey Bailey, Susan Hicks and Don Williams v
      State Farm Fire and Casualty Company
      Case No. 14-CV-00053-HRW
      United States of District Court
      Eastern District of Kentucky at Ashland
      Deposition Date: 12/16/16

30)   Bill Flanagan v
      Lee Daube, et al
      Case No. CJ-2014-249
      In the District Court of Carter County
      State of Oklahoma
      Trial Testimony Date: 02/13/17

31)   Phillip & Charla Bird v
      Barnett Building Co. and R.J. Byrd Construction, Inc.
      Case No:  CJ-2010-1605
      In the District Court of Cleveland County
      State of Oklahoma
      Deposition Date:  02/22/17

32)   Nolan Lamb v
      Certainteed Corporation, et al.
      Case No.  MSC 15-00057
      Superior Court of California
      County of Contra Costa
      Deposition Date:  02/27/17

33)   Mitchell and Melanie Payne v
      Republic Insurance Company
      Case No. CJ-2013-3894
      In the District Court of Tulsa County
      State of Oklahoma
      Trial Testimony Date: 04/11/17

34)   John and Laura Foegelle v
      Kelly and Mary O'Dell
      Case No.  CJ-2015-248
      In the District Court of Wagoner County
      State of Oklahoma
      Deposition Date:  04/18/17

14305 South Hiwassee                                      May 3, 2017
Oklahoma City, Oklahoma                                   Page 20

35)    Charles and Kathleen Abbott v
       NIBCO INC., Locke Supply and Preferred Total
       Mechanical & Plumbing
       In the District Court in and for Tulsa County
       State of Oklahoma
       Case No. CJ-2012-03217
       Deposition Date:  05/16/17

36)    Steven L. Holtsclaw v
       BorgWarner Morse Tec, Inc., et al.,
       Superior Court of the State of California
       County of Los Angeles
       No.:  BC631830
       Deposition Date:  06/28/17

37)    Patrik C. McCall and Malinda McCall v
       State Farm Fire and Casualty Company
       In the United States District Court for the
       Eastern District of Oklahoma
       Case No. 16-CIV-457-RAW
       Trial Testimony Date:  08/10/17

38)    Keith E. Best, et al v
       Arthur S. Bridal, et al
       In the District Court of Logan County
       State of Oklahoma
       No.  CJ-2012-137
       Trial Testimony Date:  11/16/17

39)    Steven F. and Jean Lucas v
       Charles J. Miller
       In the District Court of Lincoln County
       State of Oklahoma
       Case No.: CJ-2016-34
       Deposition Date:  12/07/17

40)    Leah Wiseman, personal Representative of
       The Estate of Jack Wiseman, deceased v
       Choice Hotels International, Inc. and Idabel
       Hospitality, Inc. d/b/a Comfort Suites
       In the District Court of McCurtain County
       State of Oklahoma
       Case No. CJ-2015-106
       Deposition Date:  12/20/17

14305 South Hiwassee                                      May 3, 2017
Oklahoma City, Oklahoma                                   Page 21

41)    Ronald Diaso, Sr., and Virginia Diaso v
       CBS Corporation, et al
       Superior Court of the State of California
       For the County of Los Angeles
       Case No. BC661775
       Deposition Date:  01/11/18

42)    Michael Max v
       Heritage Construction Corporation, an Oklahoma Corporation
       In the District Court in and for Tulsa County
       State of Oklahoma
       Case No. CJ-2008-832
       Deposition Date:  03/30/18

43)    Shelter Mutual Insurance Co. A/S/O
       Charles Givens and Laurie Givens v
       Oklahoma Gas & Electric Co., Davis H. Elliot &
       CoxCom, LLC
       In the District Court of Oklahoma County
       State of Oklahoma
       Case No. CJ-17-2825
       Deposition Date:  4/09/18

44)    Stephen S. Hull, Ph.D and Kathryn E. Reilly, MD., v
       Michael A. Gilles and Gay Lynn Gilles
       In the District Court in and for Oklahoma County
       State of Oklahoma
       Case No. CJ-2009-7709
       Deposition Date:  4/23/18

45)    Precious Joiner v
       Almonte Apartments, LLC dba Almonte Apartments;
       Almonte Company, LLC: dba Almonte Apartments; and
       Myan Management Group, LLC
       In the District Court of Oklahoma County
       State of Oklahoma
       Case No:  CJ-2015-2798
       Deposition Date:  4/24/18

## Berryman Enterprises

Berryman Enterprises, Inc.
426 NW 5th St, Suite 200
Oklahoma City, OK 73102-3059
P: (405)235-4646 ext. 103
F: (405)235-3311

|  |  |
|---|---|
| Insured: | Richard and Sheri Mays |
| Property: | 14305 South Hiwassee |
|  | Oklahoma City, OK |

Claim Rep.:   Michael Berryman

Estimator:   Michael Berryman

| Claim Number: | Policy Number: | Type of Loss: <NONE> |
|---|---|---|

| Date of Loss: |  | Date Received: |  |
|---|---|---|---|
| Date Inspected: |  | Date Entered: | 5/3/2018 1:25 PM |

| Price List: | OKOC7X_MAY12 |
|---|---|
|  | Restoration/Service/Remodel |
| Estimate: | 17-05-04E-A |

*EXHIBIT A*

## Berryman Enterprises

Berryman Enterprises, Inc.
426 NW 5th St, Suite 200
Oklahoma City, OK 73102-3059
P: (405)235-4646 ext. 103
F: (405)235-3311

### 17-05-04E-A

#### HVAC

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 1. Remove and replace three complete HVAC systems per Mays Services | 1.00 EA | 0.00 | 52,411.80 | 0.00 | 10,482.36 | 62,894.16 |
| Totals: HVAC | | | | 0.00 | 10,482.36 | 62,894.16 |

#### Electrical

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 2. R&R Wire - average residence - copper wiring | 1,601.00 SF | 0.00 | 4.59 | 142.13 | 1,498.14 | 8,988.86 |

Includes: Electrical boxes, 12-2 w/ground, 10-3 w/ground, 8-3 w/ground (all copper), television and phone wire/cable, disconnect, outlet boxes (interior/exterior), switches, outlets (interior/exterior), doorbell(s), smoke detectors, trunk line, main breaker panel with breakers, and installation labor.

| | | | | | | |
|---|---|---|---|---|---|---|
| Totals: Electrical | | | | 142.13 | 1,498.14 | 8,988.86 |

#### Plumbing

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 3. Total of 4 fixtures to replumb | 4.00 EA | 0.00 | 465.13 | 24.39 | 376.98 | 2,261.89 |
| 4. R&R Drain/Vent line - PVC pipe with fitting and hanger, 1-1/2" | 80.00 LF | 0.76 | 6.51 | 4.56 | 117.24 | 703.40 |
| 5. R&R Drain/Vent line - PVC pipe with fitting and hanger, 2" | 12.00 LF | 0.76 | 9.68 | 0.94 | 25.24 | 151.46 |
| 6. Replaced all gaseline in upstairs area | 1.00 EA | 0.00 | 3,665.00 | 0.00 | 733.00 | 4,398.00 |
| 7. Performed gas pressure test per LP Provider | 1.00 EA | 0.00 | 350.00 | 0.00 | 70.00 | 420.00 |
| 8. R&R Water heater - 50 gallon - Propane - 9 yr | 1.00 EA | 40.91 | 969.34 | 54.35 | 212.92 | 1,277.52 |
| 9. R&R Booster pump - 10 hp | 1.00 EA | 13.26 | 2,729.39 | 177.33 | 584.00 | 3,503.98 |
| 10. Additional labor to demo plumbing and gas piping | 8.00 HR | 0.00 | 84.15 | 0.00 | 134.64 | 807.84 |
| Totals: Plumbing | | | | 261.57 | 2,254.02 | 13,524.09 |
| **Line Item Totals: 17-05-04E-A** | | | | **403.70** | **14,234.52** | **85,407.11** |

17-05-04E-A                                5/4/2018            Page: 2

**Berryman Enterprises**

Berryman Enterprises, Inc.
426 NW 5th St, Suite 200
Oklahoma City, OK 73102-3059
P: (405)235-4646 ext. 103
F: (405)235-3311

### Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 70,768.89 |
| Material Sales Tax | 403.70 |
| | |
| Subtotal | 71,172.59 |
| Overhead | 7,117.26 |
| Profit | 7,117.26 |
| | |
| **Replacement Cost Value** | **$85,407.11** |
| **Net Claim** | **$85,407.11** |

Michael Berryman

## Berryman Enterprises

Berryman Enterprises, Inc.
426 NW 5th St, Suite 200
Oklahoma City, OK 73102-3059
P: (405)235-4646 ext. 103
F: (405)235-3311

|  |  |
|---|---|
| Insured: | Richard and Sheri Mays |
| Property: | 14305 South Hiwassee |
|  | Oklahoma City, OK |

|  |  |
|---|---|
| Claim Rep.: | Michael Berryman |

|  |  |
|---|---|
| Estimator: | Michael Berryman |

| **Claim Number:** | **Policy Number:** | **Type of Loss:** <NONE> |
|---|---|---|

| Date of Loss: | Date Received: |  |
|---|---|---|
| Date Inspected: | Date Entered: | 5/3/2018 1:25 PM |

|  |  |
|---|---|
| Price List: | OKOC7X_MAY12 |
|  | Restoration/Service/Remodel |
| Estimate: | 17-05-04E-B |

*EXHIBIT B*

## Berryman Enterprises

Berryman Enterprises, Inc.
426 NW 5th St, Suite 200
Oklahoma City, OK 73102-3059
P: (405)235-4646 ext. 103
F: (405)235-3311

### 17-05-04E-B

**17-05-04E-B**

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 1.  Material and labor to repair the sprinkler system and gate opener per Oklahoma Outdoor Solutions | 1.00 EA | 0.00 | 4,597.16 | 0.00 | 919.44 | 5,516.60 |
| 2.  Material and labor to replace three jack shaft overhead door openers with battery back-up | 1.00 EA | 0.00 | 2,480.00 | 0.00 | 496.00 | 2,976.00 |
| Total:  17-05-04E-B | | | | 0.00 | 1,415.44 | 8,492.60 |

### Electrical

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 3.  R&R Wire - average residence - copper wiring | 3,291.80 SF | 0.00 | 4.59 | 292.23 | 3,080.32 | 18,481.91 |
| Includes: Electrical boxes, 12-2 w/ground, 10-3 w/ground, 8-3 w/ground (all copper), television and phone wire/cable, disconnect, outlet boxes (interior/exterior), switches, outlets (interior/exterior), doorbell(s), smoke detectors, trunk line, main breaker panel with breakers, and installation labor. | | | | | | |
| 4.  R&R Recessed light fixture | 28.00 EA | 7.88 | 108.31 | 87.16 | 668.10 | 4,008.58 |
| 5.  Electrician - per hour | 41.00 HR | 0.00 | 78.27 | 0.00 | 641.82 | 3,850.89 |
| 6.  Electrician - General Laborer - per hour | 41.00 HR | 0.00 | 28.20 | 0.00 | 231.24 | 1,387.44 |
| The above two line items are the hours claimed for an electrician and a helper to complete service work to check and repair electric in rest of house, garage, cabana, shop building, well house, gate opener (double billed), sewar (sic) aerobic pump, balcony, pool pump and porches. | | | | | | |
| 7.  Light fixtures, ceiling fans, light bulbs, and a heater-vent-light | 1.00 EA | 0.00 | 3,296.76 | 0.00 | 659.36 | 3,956.12 |
| Totals:  Electrical | | | | 379.39 | 5,280.84 | 31,684.94 |

### Plumbing

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 8.  Replaced aerobic pump and components | 1.00 EA | 0.00 | 3,360.00 | 0.00 | 672.00 | 4,032.00 |
| 9.  Replaced 1 hp waterwell pump | 1.00 EA | 0.00 | 2,733.41 | 0.00 | 546.68 | 3,280.09 |
| Totals:  Plumbing | | | | 0.00 | 1,218.68 | 7,312.09 |

### Cabling and Low Voltage Wiring

17-05-04E-B                                                                                            5/4/2018        Page: 2

## Berryman Enterprises

Berryman Enterprises, Inc.
426 NW 5th St, Suite 200
Oklahoma City, OK 73102-3059
P: (405)235-4646 ext. 103
F: (405)235-3311

### CONTINUED - Cabling and Low Voltage Wiring

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| 10. R&R CAT5E and networking boxes with wiring | 21.00 EA | 3.79 | 52.23 | 17.29 | 238.74 | 1,432.45 |
| 11. Networking cable/outlets - Category 5-additional cable above what is already included in the line above | 1,200.00 LF | 0.00 | 1.05 | 41.21 | 260.24 | 1,561.45 |
| 12. R&R RG-6 outlets with cabling | 19.00 EA | 3.79 | 65.96 | 31.94 | 271.42 | 1,628.61 |
| 13. R&R RG-6 cable-additional cable above what is already included above | 800.00 LF | 0.10 | 1.19 | 23.45 | 211.10 | 1,266.55 |
| 14. R&R Phone / low voltage copper wiring to the front gate | 200.00 LF | 0.13 | 0.92 | 1.34 | 42.26 | 253.60 |
| 15. R&R Security system - control panel - High grade | 1.00 EA | 2.67 | 666.46 | 18.43 | 137.52 | 825.08 |
| 16. R&R Security system - key pad - High grade | 2.00 EA | 2.00 | 209.70 | 20.93 | 88.86 | 533.19 |
| 17. R&R Security system - motion detector | 6.00 EA | 15.98 | 158.04 | 47.46 | 218.32 | 1,309.90 |
| 18. R&R Security system - contact w/wire (per opening) | 30.00 EA | 2.00 | 69.41 | 31.38 | 434.74 | 2,608.42 |
| 19. R&R Phone/low voltage security rough-in | 3.00 EA | 3.79 | 42.77 | 1.10 | 28.16 | 168.94 |
| Totals: Cabling and Low Voltage Wiring | | | | 234.53 | 1,931.36 | 11,588.19 |
| **Line Item Totals: 17-05-04E-B** | | | | **613.92** | **9,846.32** | **59,077.82** |

## Berryman Enterprises

Berryman Enterprises, Inc.
426 NW 5th St, Suite 200
Oklahoma City, OK 73102-3059
P: (405)235-4646 ext. 103
F: (405)235-3311

### Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 48,617.58 |
| Material Sales Tax | 613.92 |
| Subtotal | 49,231.50 |
| Overhead | 4,923.16 |
| Profit | 4,923.16 |
| **Replacement Cost Value** | **$59,077.82** |
| **Net Claim** | **$59,077.82** |

Michael Berryman